George WEBB & OTHERS SIMILARLY SITUATED *v.*
WORKERS' COMPENSATION COMMISSION

85-22                                    692 S.W.2d 233

Supreme Court of Arkansas
Opinion delivered July 8, 1985
[Rehearing denied September 9, 1985.*]

---

* Purtle, J., not participating.

*Youngdahl & Larrison*, by: *James E. Youngdahl* and *Tara Levy*, for appellants.

*Steve Clark*, Att'y Gen., by: *Robert R. Ross*, Deputy Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellants are attempting to challenge the qualifications of the employee representative on the Workers' Compensation Commission (the Commission). The action was dismissed by the chancellor for mootness, and an amended complaint filed by the appellants was also dismissed. It is from those rulings that this appeal is brought. This case was certified to us by the Court of Appeals upon motion by the appellants. Our jurisdiction therefore is pursuant to Sup. Ct. R. 29(4)(b).

The appellant, George Webb of Marianna, Arkansas, filed a claim for an injury against his employer under the Workers' Compensation Act. After a hearing, the administrative law judge denied the claim. Webb appealed the decision to the Commission on December 5, 1983.

Before the Commission rendered a decision on his appeal, Webb filed a lawsuit in chancery court on May 1, 1984. In his complaint, he alleged that the appointment of Commissioner Melvin Farrar as an employee representative was not consistent with the statutory requirements of the "Workers' Compensation Law," Ark. Stat. Ann. § 81-1342(a) (Repl. 1976) which describes the qualifications for that position. The appellant argued that, as a result of Commissioner Farrar's appointment, he was

deprived of an opportunity to receive a fair hearing. Webb sought an order declaring that his right to a fair review has been impaired and an injunction and order staying the Commission from considering his claim.

On May 17, 1984, the appellant amended his complaint to define a class action composed of working persons who have filed or will file appeals before the Commission. On the same day, appellant learned the Commission had denied his appeal on May 16. Commissioner Farrar did not participate in the decision.

A motion to dismiss was filed by the Commission on May 18, seeking dismissal of appellants' equity claim as being moot since the Commission had already rendered its decision in Webb's case.

A hearing was held on the motion to dismiss on June 27, and on July 9, the appellants filed a second amended complaint in chancery court. In the second amended complaint, they alleged their standing as taxpayers and sought to include the Arkansas AFL-CIO as class representatives. The complaint also sought relief under the Declaratory Judgment Act, Ark. Stat. Ann. §§ 34-2501 - 2512 (Repl. 1962). Pursuant to this act, the appellants asked the court to declare that Webb's and other worker's right to a fair and impartial review of their claims has been impaired; that appellants' legitimate expectation that the Commission be constituted in an impartial manner has been thwarted; and an order enjoining and staying the Commission from considering appeals currently pending until such time as it may be legally constituted, and declaring any decision by the Commission, as currently constituted, null and void and requiring reconsideration by a legally constituted Commission.

The Commission filed a motion to strike the second amended complaint on July 17. On August 8, the chancery court dismissed appellants' first amended complaint as moot and, in a second order entered the same day, struck the second amended complaint.

The appellants argue on appeal that it was error to dismiss the complaint in equity for mootness and, also, that the court abused its discretion by striking the second amended complaint. We agree with both contentions.

■ When the appellant initially amended his complaint in

chancery court to assert a class action, he essentially raised new issues. These issues, and the appellants' standing as taxpayers and as workers who are affected by the other duties of the Commission, see Ark. Stat. Ann. § 81-1343 (Repl. 1976), were not rendered moot by the Commission's decision on appellant Webb's compensation claim. Since two different causes of action were presented by the compensation claim and the class action, the decision about the compensation claim does not preclude the appellants from pursuing the class action. The trial court erred when it dismissed the complaint as moot.

The appellants also argue that the chancellor abused his discretion by striking the second amended complaint. The chancellor gave no reason in his order of dismissal for refusing to allow the amendment. Under our rules of civil procedure, a party may amend his pleadings at any time without leave of the court. ARCP 15. If the opposing party files a motion objecting to the amendment, as the appellee did here, the court determines whether prejudice would result, or if the case would be unduly delayed by the amendment. *Id.* A party should be allowed to amend absent proof of prejudice, and the failure of the opposing party to seek a continuance is a factor to be considered in determining whether prejudice was shown. See *Milne* v. *Milne*, 266 Ark. 900, 587 S.W.2d 229 (Ark. App. 1979). Here the appellee did not seek a continuance nor demonstrate any prejudice. The amendment should have been allowed.

Accordingly we reverse the chancellor and order the lawsuit reinstated. The case is remanded for proceedings consistent with this opinion.

Reversed and remanded.

DUDLEY, J., not participating.