Sykes HARRIS, Jr. *v.* FIRST STATE BANK OF WARREN, Warren, Arkansas

CA 87-55                                     732 S.W.2d 501

Court of Appeals of Arkansas
Division I
Opinion delivered July 15, 1987

*Haley, Claycomb, Roper & Anderson,* by: *H. Murray Claycomb,* for appellant.

*Robert E. Garner, P.A.,* by: *Robert E. Garner,* for appellee.

JAMES R. COOPER, Judge. The appellee in this civil case, First State Bank of Warren, Arkansas, made a loan to Dan-Sal, Inc. on February 3, 1983. Security for the note included a personal continuing guaranty executed by the appellant, Sykes Harris, Jr. Dan-Sal, Inc. defaulted on the note, and on May 8, 1986, the appellee brought an action against Dan-Sal, Inc., Daniel and Sally Barnett, and the appellant for the unpaid balance. Trial was set for October 10, 1986. On October 6, 1986, the Barnetts filed for bankruptcy, and Dan-Sal, Inc. did likewise on October 9, 1986. On the day before trial, the appellant filed a motion for a continuance or dismissal, and on the morning of trial the appellant filed an amended answer. The amended answer asserted that he was the beneficiary of an agreement between the appellee and the Barnetts to release him from liability, and that the appellee was estopped to deny that it had released the appellant from his guaranty agreement. Copies of the motion and amended answer were delivered to the appellee's attorney in court prior to the commencement of trial. The appellant and the appellee agreed to proceed with the trial, and agreed that evidence relating to the theories contained in the amended answer would be presented, subject to the trial court's later ruling on the motion and the amended answer. In an order entered *nunc pro tunc* on October 21, 1986, the trial court denied the appellant's motion for a continuance, and dismissed the amended answer on the grounds that the affirmative defenses pled therein were available to the appellant at the origination of the action, and were not affected by the bankruptcy of his co-defendants. The court entered judgment against the appellant for the unpaid

balance of the note. From that decision, comes this appeal.

For reversal, the appellant contends that the trial court erred in dismissing his motion for a continuance and the amended answer. The appellant additionally argues that the trial court should have considered the evidence supporting the theories contained in the amended answer, and that, upon that evidence, the trial court should have found that the appellant was released from any obligation to the appellee. We reverse.

The record shows that, in 1983, the appellant was a stockholder and officer of Dan-Sal, Inc. In February 1983, he signed a promissory note issued by the appellee to Dan-Sal, Inc. and also executed a continuing guaranty in the amount of $83,890.94 which, by its terms, guaranteed payment of any indebtedness of Dan-Sal, Inc. to the appellee, including indebtedness that might arise subsequent to the execution of the guaranty. The guaranty agreement provided that it would be in force until written notice of discontinuance was served upon an executive officer of the appellee bank.

The appellant subsequently left the corporation, selling his shares to the other shareholders, Daniel and Sally Barnett, for consideration which included a release from any corporate obligations. When the February 1983 note came due, Daniel Barnett arranged for its renewal. A new note listing Dan-Sal, Inc. as the borrower was thus executed by the Barnetts in February 1984. The appellant's name did not appear on the 1984 note. However, no written notice of discontinuance of the guaranty was ever served upon the appellee, and the appellant was named as a defendant in the appellee's action to enforce the note. In his answer, the appellant asserted as affirmative defenses that the guaranty lacked consideration, and that the obligation guaranteed had been materially altered. He also filed a cross-complaint against the Barnetts, alleging that the Barnetts had assumed all corporate obligations under the terms of their buy-out agreement with the appellant.

We agree with the appellant's contention that the trial court erred in dismissing the amended answer and motion. Rule 15(a) of the Arkansas Rules of Civil Procedure provides, in part, that:

> With the exception of pleading the defenses mentioned in Rule 12(h)(1), a party may amend his pleadings at any time without leave of the court. Where, however, upon motion of an opposing party, the court determines that prejudice would result or disposition of the cause would be unduly delayed because of the filing of an amendment, the court may strike such amended pleading or grant a continuance of the proceeding.

Under this rule, the trial court may strike an amended pleading only upon a determination that the amendment would be prejudicial to the adverse party, or that the amendment would entail undue delay. No question of undue delay is present under the circumstances of the case at bar, because, upon the suggestion of the attorney for the appellee, the parties proceeded to trial as scheduled. Dismissal of the amended answer would thus be proper only if the trial court determined that the amendment would be prejudicial to the appellee. However, the trial court did not determine that prejudice would result, but instead based the dismissal of the amended answer on a finding that the defenses embodied in the amended answer had been available to the appellant at the origination of the action. Because there has been no determination of either undue delay or prejudice, we hold that the trial court erred in dismissing the amended answer.

The record reveals that Daniel Barnett testified that, in conversations with an officer of the appellee bank, he specifically asked that the appellant be released of all obligation for the debt, and that he understood that this had been accomplished at the time that the renewal note was executed. Moreover, there was evidence that the renewal note did not list the appellant's guaranty as security for the note in the Truth-in-Lending section of the document. Viewing the evidence in the light most favorable to the appellant, we think that the trier of fact could have found that the appellee agreed to release the appellant from all liability for the corporate debt as part of the agreement between the appellee and the Barnetts that culminated in the renewal note, and that the appellant was a third-party beneficiary of that agreement. The error was thus prejudicial and, accordingly, we reverse and remand for a new trial.

Reversed and remanded.

Corbin, C.J., and Mayfield, J., agree.