The Honorable Ron Fuller State Representative 18 Corporate Hill Drive Suite 201 Little Rock, Arkansas 72205
Dear Representative Fuller:
This is in response to your request for an opinion regarding the licensure of real estate brokers and auctioneers pursuant to Arkansas Code of 1987 Annotated 17-35-101, et seq. The following specific questions have been posed in this regard:
 (1) May a nonresident of Arkansas who obtains a valid Arkansas Broker's License and operates through or in conjunction with a resident licensed broker perform or participate in an auction of real property in Arkansas pursuant to Arkansas Code Annotated 17-35-103(a) (1987), or is a nonresident precluded from performing or participating in an auction in Arkansas under any circumstances pursuant to Arkansas Code Annotated 17-35-301(a)(2) (1987)?
 (2) If Arkansas Code Annotated 17-35-301(a)(2) (1987) precludes a nonresident from performing or participating in an auction in Arkansas under any circumstances, does said statute violate either the Commerce Clause, Substantive Due Process Clause, Equal Protection Clause, Privileges and Immunities Clauses, or Supremacy Clause of the United States Constitution?
Arkansas Code of 1987 Annotated 17-35-301(a)(2) states in pertinent part as follows:
 (a) It shall be unlawful for any person, firm, partnership, copartnership, association, or corporation to:
* * *
 (2) Serve as auctioneer or participate in or supervise the auctioning of any real property in this state unless the person:
 (A) Has a regular valid license issued by the Arkansas Real Estate Commission authorizing the person to act as a real estate broker or real estate salesman; and
 (B) Has been a resident of Arkansas at least one (1) year prior to the time of application for the license.
The language of 17-35-301(a)(2) appears to be clear in its requirement that an individual acting as a real estate auctioneer be licensed by the Arkansas Real Estate Commission and also satisfy the one year residency requirement contained therein. Thus, in response to your first question, a licensed nonresident broker or salesman acting in association with a resident real estate broker may not perform the services of a real estate auctioneer. The broker or salesman must meet the specific requirements contained in A.C.A. 17-35-301(a)(2) pertaining to auctioneers, including the residency requirement.
You have also questioned the constitutionality of A.C.A.17-35-301(a)(2), if indeed this provision imposes a one (1) year residency requirement. While cases are legion for the proposition that legislative enactments are presumed constitutional, see e.g. Stone v. Stone, 254 Ark. 1011, 1013, 498 S.W.2d 634 (1973),17-35-301(a)(2) may be constitutionally suspect under a particular line of cases construing similar durational residency requirements. While an Arkansas court, if faced with the question, will make every effort to construe the act so that it meets the test of constitutionality and will resolve all doubt in favor of constitutionality, it may be persuaded by cases decided in other jurisdictions with respect to durational residency requirements imposed upon applicants for admission to the state's Bar. See, e.g. Gordon v. Committee on Character and Fitness,397 N.E.2d 1309 (N.Y. 1979); Shelby v. Alaska Bar Ass'n., 620 P.2d 640
(Alaska 1980); Sargus v. West Virginia Board of Law Examiners,294 S.E.2d 440 (1982). Residence requirements for admission to the Board were held unconstitutional in those cases, and by the U.S. Supreme Court in New Hampshire v. Piper, 470 U.S. 274 (1985).
One might rely upon the rationale articulated in these decisions in challenging the constitutionality of A.C.A. 17-35-301(a)(2). It should also be noted that the Arkansas Supreme Court has modified its rule governing admission to the Bar to eliminate a residence requirement, based upon New Hampshire v. Piper, supra. See In the Matter of Rules Governing Admission to the Bar,692 S.W.2d 233 (1985) (per curiam).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General