SLIP OPINION  Cite as 2014 Ark. App. 83

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV–13–645

|  |  |
|---|---|
| GEMINI CAPITAL GROUP, LLC<br>APPELLANT<br><br>V.<br><br><br>KENNETH DEAN MCFARLAND<br>APPELLEE | **Opinion Delivered** February 12, 2014<br><br>APPEAL FROM THE SHARP<br>COUNTY CIRCUIT COURT<br>[NO. CV–2012-226]<br><br>HONORABLE KEVIN KING, JUDGE<br><br>REVERSED AND REMANDED |

## ROBERT J. GLADWIN, Chief Judge

Appellant Gemini Capital Group, LLC, appeals the April 1, 2013 order of the Sharp County Circuit Court granting appellee Kenneth McFarland's motion for judgment on the pleadings, thereby dismissing appellant's complaint with prejudice. On appeal, appellant claims that the circuit court erred in three ways: (1) dismissing the complaint because the amended complaint cured any defects in the original; (2) dismissing appellant's complaint with prejudice rather than without; and (3) allowing a circuit court judge not assigned to the case to render judgment. We reverse the dismissal and remand for further proceedings.

Appellant filed a complaint against appellee on December 14, 2012, alleging that appellee had purchased items with a credit account that was assigned to appellant from Chase Bank USA, N.A. (Chase). Appellant claimed that appellee owed $8,462.75 plus interest and attached an affidavit of account signed by Roger Neustadt, appellant's chief executive officer. Appellee filed a pro se answer on January 4, 2013, alleging that appellant lacked standing, had

an invalid assignment, and was not the owner of the alleged instrument or debt. No certificate of service was attached.

On February 6, 2013, appellant filed a motion for default judgment against appellee claiming that appellee had failed to appear or file an answer. On February 26, 2013, appellee, through counsel, filed a motion for judgment on the pleadings arguing that appellant's complaint was deficient for failure to attach a copy of the agreement between appellee and Chase in violation of Arkansas Rule of Civil Procedure 10(d) (2012), which requires a copy of any written instrument or document upon which a claim is based to be attached to the complaint. In his brief in support of the motion, appellee alleged that compliance with Rule 10(d) is mandatory and argued for summary judgment, citing *LVNV Funding, LLC v. Nardi*, 2012 Ark. 460.

Appellant filed an amended complaint on March 12, 2013, and attached the cardmember agreement between Chase and appellee. Also on that date, appellant filed a response to appellee's motion for judgment on the pleadings, claiming that appellee's motion was moot due to the filing of the amended complaint with the required attachment and citing Arkansas Rules of Civil Procedure 12(c) and 15(a). Rule 12(c) provides that any party may move for judgment on the pleadings after the pleadings are closed. Ark. R. Civ. P. 12(c) (2012). Appellant argued that the pleadings were not closed and that appellee's motion for judgment was premature. Rule 15(a) allows for a party to amend its pleadings at any time without leave of the court. Ark. R. Civ. P. 15(a) (2012). Appellant argued that by amending its complaint with the cardmember agreement attached, it was in compliance with

2

Rule 10(d). Appellee filed an answer to the amended complaint, relying on his motion for judgment on the pleadings and claiming Rule 10(d) as an affirmative defense.

On April 1, 2013, the circuit court granted appellee's motion for judgment on the pleadings, citing *Nardi*, *supra*, and Rule 10(d). Although the circuit court acknowledged that Rule 15(a) provides that a party may amend his pleadings at any time without leave of court, it ruled that appellant failed to "set forth any facts upon which the Court can make a finding of 'good cause' for omitting the 'written instrument of document upon which such claim or defense is averred.'" The dismissal was with prejudice.

Appellant filed a timely notice of appeal on April 30, 2013. However, on May 1, 2013, appellant filed a motion to set aside the April 1, 2013 order, alleging that appellant's counsel was only made aware of the circuit court's dismissal order when he received a letter from appellee's attorney explaining that he would not be responding to appellant's discovery requests due to the dismissal order. Appellant filed a motion to set aside the order, citing Arkansas Rule of Civil Procedure 60(a) (2012), which provides that the court retains jurisdiction for ninety days to prevent a miscarriage of justice. No response was filed and no order resulted from this motion. This appeal timely followed.

We construe court rules using the same canons of construction as are used to construe statutes. *Moon v. Citty*, 344 Ark. 500, 42 S.W.3d 459 (2001). The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id*. When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction, and the

3

SLIP OPINION

analysis need go no further. *Id*. We review issues of statutory construction de novo as it is for us to decide what a statute means. *Hodges v. Huckabee*, 338 Ark. 454, 995 S.W.2d 341 (1999). We are not bound by the decision of the trial court; however, in the absence of a showing that the trial court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Id*.

Rule 15(a) provides that

[w]ith the exception of pleading the defenses mentioned in Rule 12(h)(1), a party may amend his pleadings at any time without leave of the court. Where, however, upon motion of an opposing party, the court determines that prejudice would result or the disposition of the cause would be unduly delayed because of the filing of an amendment, the court may strike such amended pleading or grant a continuance of the proceeding.

In *Harris v. First State Bank of Warren*, 22 Ark. App. 37, 732 S.W.2d 501 (1987), this court held that, because there had been no determination of either undue delay or prejudice under Rule 15(a), the trial court erred in dismissing the amended answer. In *Cavalry SPV, LLC v. Anderson*, 99 Ark. App. 309, 311–12, 260 S.W.3d 331, 332–33 (2007), this court stated:

Arkansas Rule of Civil Procedure 15(a) permits liberal amendments to pleadings at any time without leave of the court. *Nat'l Sec. Fire & Cas. Co. v. Shaver*, 14 Ark. App. 217, 686 S.W.2d 808 (1985). A trial court is vested with broad discretion in allowing or denying amendments to pleadings. *Turner v. Stewart*, 330 Ark. 134, 952 S.W.2d 156 (1997). But, a court abuses its discretion in striking an amended pleading where no prejudice is found and no undue delay is caused by the amendment. *See Ultracuts Ltd. v. Wal-Mart Stores, Inc.*, 343 Ark. 224, 33 S.W.3d 128 (2000); *Travis v. Houk*, 307 Ark. 84, 817 S.W.2d 207 (1991). Failure of the opposing party to seek a continuance is a factor to be considered in determining whether prejudice is shown, as is the ability of the opposing party to have a fair opportunity to defend after the amendment. *See Turner v. Stewart*, *supra*. Where neither a continuance is requested nor a demonstration of any prejudice resulting from an amendment is shown, the amendment should be allowed. *Id*.

4

Rule 10(d) concerns form of pleadings and required exhibits and states that "[a] copy of any written instrument or document upon which a claim or defense is based shall be attached as an exhibit to the pleading in which such claim or defense is averred unless good cause is shown for its absence in such pleading." In *Nardi*, *supra*, relied on here by the circuit court to dismiss appellant's complaint, our supreme court affirmed the circuit court's granting of summary judgment because LVNV had failed to attach a copy of the agreement between Nardi and Citibank, LVNV's assignor, to its complaint. When LVNV attached the agreement to its motion for summary judgment, our supreme court held:

> LVNV attached to its motion for summary judgment a written "Card Agreement" alleged to be the instrument upon which the claim was based. Pursuant to Rule 10(d), any instrument upon which the claim was based had to be attached as an exhibit to the complaint. Compliance with Rule 10(d) is mandatory. *See Ray & Sons Masonry Contractors, Inc. v. U.S. Fid. & Guar. Co.*, 353 Ark. 201, 114 S.W.3d 189 (2003).

*Nardi*, 2012 Ark. 460 at 2–3.

The instant case is distinguishable from *Nardi*, *supra*, because there, LVNV attached the required documents to its motion for summary judgment. Here, appellant attached the required documents to its amended complaint, which follows the requirements as set forth under Rule 10(d). A similar distinction can be made with *Ray & Sons*, *supra*, where our supreme court held it to be a violation of Rule 10(d) to allow a second amended complaint against Ray & Sons for work on a Wal-Mart store in McKinney, Texas, filed after the statute of limitations had expired, where neither the first nor second amended complaints alleged any specific allegations against Ray & Sons based on its contract for work on the McKinney store and did not have the McKinney contract attached. *Ray & Sons*, 353 Ark. at 213–14,

5

114 S.W.3d at 196–97. Here, appellant sued appellee on a credit card account—the same account referenced in the amended complaint to which the cardmember agreement was attached. Therefore, there was no surprise to appellee, as was disallowed in *Ray & Sons*.

Appellee argues that the circuit court did not err in dismissing the complaint. He contends that appellant's argument is contrary to the clear language contained in Rule 10(d), which requires a showing of "good cause" when a copy of the written instrument or document upon which its claim is based is not attached as an exhibit. He asserts that the plain language of the rule requires the "good cause" showing and without enforcing it, the rule would be a nullity. Appellee also contends that Rule 10(d) and Rule 15(a) should be read so as to give effect to both.

However, we agree with appellant's contention that the circuit court erred as a matter of law by dismissing its complaint because the amended complaint should have related back to the filing of the original complaint, thereby curing any defects by complying with Rule 10(d) with the attachment of the required document. Rule 15 provides that an amendment of a pleading relates back to the date of the original pleading when the claim in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading. Ark. R. Civ. P. 15(c)(1). Therefore, giving effect to both Rules 10(d) and 15(a), the amendment to the complaint brought appellant into compliance with Rule 10(d), and appellant no longer had to give "good cause" for noncompliance. Thus, we reverse and hold that appellee's argument regarding Rule 10(d) became moot, and the trial court erred by dismissing the complaint for noncompliance with the rule.

Under Rule 15(a), upon motion of an opposing party, a court may strike an amended pleading when prejudice would result or the disposition of the cause would be unduly delayed because of the filing of an amendment. Prejudice was not addressed here, and, relying on *Harris*, *supra*, where it was error for the trial court to dismiss an amended answer when there was no determination of undue delay or prejudice, we remand for further proceedings. Accordingly, we do not address appellant's remaining points on appeal.

Reversed and remanded.

WOOD and BROWN, JJ., agree.

*Allen and Withrow*, by: *Teaven Stamatis*, for appellant.

*R.T. Starken*, for appellee.