## Betsy R. DANNER *v.* DISCOVER BANK

CA 06-1052 257 S.W.3d 113

### Court of Appeals of Arkansas
### Opinion delivered May 16, 2007

*Rice & Adams*, by: *Scott A. Scholl*, for appellants.

*Southern & Allen Law Firm*, by: *Kate Bridges*, for appellee.

JOHN MAUZY PITTMAN, Chief Judge. The appellee, a credit-card company, asserted that appellant was past due on her account and sought collection. Appellant defended by admitting that she had had Discover credit cards in the past, but that she thought she had paid them off and was surprised to have received a demand for payment of the sum sought. She did not expressly deny that the card and charges were hers, but simply stated that she had no recollection and put appellee to its proof. The trial court found in favor of appellee on the basis of its findings that appellant "did not say without question that these were not her charges," and that payments had been made on the account. On appeal, appellant asserts that the trial court erred

as a matter of law by impermissibly shifting the burden of proof to her to show that the charges were not authorized. We agree, and we reverse and remand.

Appellee's proof consisted of an affidavit verifying records that the account in question had been opened as the result of an application procured through a "Discover Card Telemarketing Sale." Appellee also showed that the person who applied for the card provided appellant's name and address, and it produced billing statements purporting to reflect appellant's debt that were provided pursuant to appellant's request for validation of the disputed debt. There was, in addition, evidence that appellant had made some payments on the account in the past.

The Fair Credit Billing Act, 15 U.S.C. § 1666, amended the Truth In Lending Act for the express purpose of protecting the consumer against unfair and inaccurate credit card practices, and it is to be liberally construed in favor of the consumer. *Crestar Bank v. Cheevers*, 744 A.2d 1043 (D.C. 2000). Section 1643(b) places upon the card issuer the burden of proving that any disputed use made of the card was authorized. *See id.* Appellee failed to do so in the case at bar, relying instead on its own records that reflect an account and debt that it attributes to appellant, and by evidence that appellant made a few payments on the account before requesting validation of the debt. However, the *Crestar Bank* court held that no ratification or presumption of authorization will be inferred if the cardholder fails to object to charges within a reasonable time, even if those charges were not made by the cardholder, because to do so would impermissibly shift the burden of proof imposed by § 1643(b).

We think this reasoning is sound and that, pursuant to the rule enunciated in *Crestar Bank*, the trial court erroneously shifted the burden of proof and appellee failed to show that the disputed charges were authorized. Here, there was no evidence to verify appellee's statements of accounts. It would, for example, have been possible to prove that the "Discover Card Telemarketing Sale" by which the account was opened was in fact made to appellant's home, or that appellant had executed a credit application, a cardholder agreement, or sales slips in connection with the disputed account so as to identify appellant as the cardholder and the charges as authorized. *See* 15 U.S.C. § 1643. Consequently, we reverse.

 It does not follow, however, that this case must be dismissed. It has long been the rule that where there is a simple failure of proof, justice requires that the court remand the case to allow the appellee an opportunity to supply the defect. Only where the record affirmatively shows that there can be no recovery on retrial should the case be dismissed in the appellate court. *Little Rock Newspapers, Inc. v. Dodrill*, 281 Ark. 25, 660 S.W.2d 933 (1983); *Southwestern Underwriters Insurance Co. v. Miller*, 254 Ark. 387, 493 S.W.2d 432 (1973); *St. Louis Southwestern Railway Co. v. Clemons*, 242 Ark. 707, 415 S.W.2d 332 (1967); *JAG Consulting v. Eubanks*, 77 Ark. App. 232, 72 S.W.3d 549 (2002); *Womack v. First State Bank*, 21 Ark. App. 33, 728 S.W.2d 194 (1987); *Colonial Life & Accident Insurance Co. v. Whitley*, 10 Ark. App. 304, 664 S.W.2d 488 (1984). Because we cannot say here that the record affirmatively shows that there could be no recovery, we reverse and remand for a new trial.

Reversed and remanded.

MARSHALL and MILLER, JJ., agree.