CAVALRY SPV, LLC *v.* Fairl ANDERSON

CA 06-1370                                        260 S.W.3d 331

Court of Appeals of Arkansas
Opinion delivered June 27, 2007

*Hosto & Buchan, PLLC*, by: *Paul A. Prater*, for appellant.

*Gary Vinson*, for appellee.

JOHN B. ROBBINS, Judge. Cavalry SPV appeals from an order striking its amended complaint and granting summary judgment to Fairl Anderson. We reverse and remand.

In January 2002, Midfirst Bank sued Mr. Anderson for $4344.77 due on a Discover credit card account. Several exhibits were attached to the complaint: an affidavit of account; a 1990 Discover credit card application bearing Mr. Anderson's and his wife's purported signatures with an address of 465 Allen Chapel Road in Batesville, Arkansas; a collection agency statement sent to Mr. Anderson at the same address in November 2001; a Discover card member agreement; and three account statements bearing Mr. Anderson's name, with the latest showing a balance of $4344.77. Cavalry purchased the account from Midfirst in June 2002 and filed an amended complaint substituting itself as plaintiff. Mr. Anderson generally denied the allegations in the complaints.

In December 2003, Cavalry moved for summary judgment. Mr. Anderson opposed the motion, arguing that Cavalry failed to produce copies of individual charge slips signed by him. At a hearing, the trial judge stated that the charge slips were the best evidence of Mr. Anderson's liability and that Ark. R. Civ. P. 10(d) required Cavalry to attach the slips to its complaint. Because Cavalry had not done so, the judge denied Cavalry's motion for summary judgment and gave it thirty days to produce copies of the charge slips.

Within thirty days, a Cavalry employee submitted an affidavit stating that the individual charge slips "if any" were not in its possession, custody, or control.[1] Mr. Anderson then moved for summary judgment based on Cavalry's inability to furnish the charge slips. Cavalry responded that the charge slips were unnecessary because it had produced a signed credit-card application, an affidavit of account, and account statements "evidencing the fact that this is the Defendant's debt." Cavalry also filed an amended complaint attaching the same application, account statements, and card-member agreement that were attached to the initial complaint, plus three account invoices bearing Mr. Anderson's name and the Batesville address. These invoices reflected purchases and payments made on the account in 1999 and 2000. Mr. Anderson asked the court to strike the amended complaint because it had been filed "some four years after the filing of the original complaint." The trial court did so and granted Mr. Anderson's motion for summary judgment. Cavalry filed this appeal.

### Striking the Amended Complaint

Arkansas Rule of Civil Procedure 15(a) permits liberal amendments to pleadings at any time without leave of the court. *Nat'l Sec. Fire & Cas. Co. v. Shaver*, 14 Ark. App. 217, 686 S.W.2d 808 (1985). A trial court is vested with broad discretion in allowing or denying amendments to pleadings. *Turner v. Stewart*, 330 Ark. 134, 952 S.W.2d 156 (1997). But, a court abuses its discretion in striking an amended pleading where no prejudice is found and no undue delay is caused by the amendment. *See Ultracuts Ltd. v. Wal-Mart Stores, Inc.*, 343 Ark. 224, 33 S.W.3d 128 (2000); *Travis v. Houk*, 307 Ark. 84, 817 S.W.2d 207 (1991). Failure of the opposing party to seek a continuance is a factor to be considered in

---

[1] Cavalry's counsel had stated at the hearing that he did not believe the slips were available and had possibly been destroyed.

determining whether prejudice is shown, as is the ability of the opposing party to have a fair opportunity to defend after the amendment. *See Turner v. Stewart, supra.* Where neither a continuance is requested nor a demonstration of any prejudice resulting from an amendment is shown, the amendment should be allowed. *Id.*

Here, there was no showing of prejudice or undue delay to warrant striking Cavalry's amended complaint. No new cause of action was pled, so no delay was needed to allow Mr. Anderson to acquaint himself with the substance of the amendment. *See City of Marion v. Guar. Loan & Real Estate Co.,* 75 Ark. App. 427, 58 S.W.3d 410 (2001) (holding that the appellants in an annexation case failed to prove prejudice when the appellees added signatures and additional maps to their petition, but the petition's property description of the area to be annexed remained the same); *compare Davenport v. Lee,* 348 Ark. 148, 72 S.W.3d 85 (2002) (holding that the trial court did not abuse its discretion in striking an amended pleading that raised a new issue). Further, the amendment was filed contemporaneously with Cavalry's response to the motion for summary judgment, which gave Mr. Anderson sufficient opportunity to respond and defend. Additionally, the exhibits attached to the amended complaint had been attached to previous complaints or Cavalry's motion for summary judgment and were thus no surprise to Mr. Anderson.

Based on these considerations, we conclude that Cavalry's amended complaint should not have been stricken. We will therefore look to that complaint and its exhibits in considering the remaining issue.

### Grant of Summary Judgment

Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Davis v. Parham,* 362 Ark. 352, 208 S.W.3d 162 (2005). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appeal, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* We view the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Summary judgment is

not proper where the evidence, although in no material dispute as to actuality, reveals aspects from which inconsistent hypotheses might reasonably be drawn and reasonable minds might differ. *Id.*

The trial court's order stated no reason for granting summary judgment. However, the court's earlier remarks concerning Ark. R. Civ. P. 10(d) lead us to believe that its ruling was based, at least in part, on Cavalry's failure to attach individual charge slips as exhibits to the complaints. Rule 10(d) reads:

> *Required Exhibits.* A copy of any written instrument or document upon which a claim or defense is based shall be attached as an exhibit to the pleading in which such claim or defense is averred unless good cause is shown for its absence in such pleading.

■ We disagree that Cavalry violated this rule. Its complaints were accompanied by numerous documents on which its claim was based: a signed credit card application;[2] invoices that bore Mr. Anderson's name and showed charges and payments made on the account; other statements of account; a card-member agreement containing contractual terms of usage and payment; and an affidavit of account. *See* Ark. Code Ann. § 16-45-104 (Repl. 1999). These exhibits gave Mr. Anderson ample notice of the contract being sued upon. *Compare Ray & Sons Masonry Contr. v. U.S. Fidelity & Guar. Co.*, 353 Ark. 201, 114 S.W.3d 189 (2003) (holding that, where numerous subcontracts were at issue in the case, no cause of action was stated against a particular subcontractor until a copy of his contract was appended to the complaint). Further, Rule 10(d) does not require a party to attach to its complaint each and every document that may lend support to its claim. *See generally Harrison v. Harrison*, 82 Ark. App. 521, 120 S.W.3d 144 (2003) (holding that a party's failure to attach exhibits supporting his claim did not render the exhibits inadmissible at trial).

■ We also disagree with the implication that Cavalry cannot, as a matter of law, prove its case in the absence of the charge slips. In a similar collection case, *Danner v. Discover Bank*, 99

---

[2] Arkansas Code Annotated section 16-46-102 (Repl. 1999) provides that, where a writing purporting to have been executed by one of the parties is referred to in and filed with a pleading, it may be read as genuine against that party unless he denies its genuineness by affidavit before the trial is begun.

Ark. App. 71, 257 S.W.3d 113 (2007), we noted that, under the Truth In Lending Act, a credit-card issuer has the burden of proving that any disputed use of a credit card was authorized. *See* 15 U.S.C. § 1643(b) (2005). But we did not hold in *Danner* that such burden may only be met by producing copies of individual charge slips. There, the card issuer provided an affidavit that an account had been opened as the result of a telemarketing sale; showed that the person who applied provided Danner's name and address; and produced billing statements purporting to reflect Danner's debt. The trial court ruled in favor of the card issuer, but we reversed and stated:

> Here, there was no evidence to verify [the card issuer's] statements of accounts. It would, for example, have been possible to prove that the "Discover Card Telemarketing Sale" by which the account was opened was in fact made to [Danner's] home, or that [Danner] had executed a credit application, a cardholder agreement, or sales slips in connection with the disputed account so as to identify [Danner] as the cardholder and the charges as authorized.

*Id.* at 72, 257 S.W.3d at 115. We clearly did not hold that sales slips were the sole means of proving authorized charges; in fact, we recognized that there might be other avenues of proof. Moreover, even with the modicum of information supplied by the card issuer in *Danner*, we remanded for a new trial because "we cannot say here that the record affirmatively shows that there could be no recovery." *Id.*

For these reasons, the summary judgment is reversed and the case remanded for further proceedings.

Reversed and remanded.

HEFFLEY and MILLER, JJ., agree.