

Cite as 2013 Ark. App. 540

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-12-816

| | | |
|---|---|---|
| DISCOVER BANK | | **Opinion Delivered** October 2, 2013 |
| | APPELLANT | APPEAL FROM THE CLARK COUNTY CIRCUIT COURT [NO. CV-2005-112] |
| V. | | |
| | | HONORABLE ROBERT McCALLUM, JUDGE |
| BETSY R. DANNER | | |
| | APPELLEE | REVERSED AND REMANDED |

## JOHN MAUZY PITTMAN, Judge

This is an appeal after remand of an action arising out of a disputed credit-card debt. The appellant is a credit-card company seeking collection of credit-card debt from appellee. In the first appeal, we held that the trial court erred in shifting the burden to the debtor to show that the charges were authorized. We said:

> Here, there was no evidence to verify [Discover Bank's] statements of accounts. It would, for example, have been possible to prove that the "Discover Card Telemarketing Sale" by which the account was opened was in fact made to appellant's home, or that appellant had executed a credit application, a cardholder agreement, or sales slips in connection with the disputed account so as to identify appellant as the cardholder and the charges as authorized.

*Danner v. Discover Bank*, 99 Ark. App. 71, 257 S.W.3d 113 (2007).

The facts adduced at trial on remand were very different. First, appellee stipulated that the credit card was in fact her card, that she had used it for a substantial period of time, and that she had made payments on that account. Second, appellant presented significant

evidence to show that at least some of the disputed charges had been made by appellee, including an affidavit from a California merchant saying that a machine costing over $9,000 had been purchased for shipment, that $6,000 of the purchase price was charged to appellee's Discover card, and that the machine was shipped to appellee at her home address. Despite acknowledging this evidence, the trial court nevertheless found that appellant failed to meet its burden of proof, ruling that:

> However, the Oxyhealth, LLC documents do not reflect a signature or other written authorization by [appellee]. The documents also do not constitute an executed "sales slip" by [appellee]. [Appellant] also did not present a signed receipt from UPS verifying the delivery of the hyperbaric chamber that was allegedly delivered to [appellee's] home. [Appellant] did not present an executed credit application or cardholder agreement executed by [appellee].
>
> . . . .
>
> [Appellant] contends that it is impractical and unfair for them to require merchants who accept payment through Discover Card to keep signed sales receipts or signed sales slips just to prove a disputed case by a disgruntled customer. *However, I disagree with this position based upon the Court of Appeals decision in this case and the reasoning of the* Crestar *case.*

(Emphasis added.) The trial court clearly believed that the debt could be proved only by written documents signed by appellee. We did not so hold in the prior appeal. Furthermore, the court of appeals has since had occasion to further explain our initial decision and has expressly rejected the notion that the sole means of proving authorized charges was by signed sales slips or receipts. *Cavalry SPV, LLC v. Anderson*, 99 Ark. App. 309, 260 S.W.3d 331 (2007).

Unlike the facts presented in the prior appeal, it is clear here that the credit card was in fact issued to appellee and that the debt appellant seeks to collect is based on charges

2

alleged to have been made to her credit card. Furthermore, there is significant and persuasive evidence to show that appellee did in fact authorize at least some of the charges made in this case. But for its error of law requiring a signed sales receipt in every case, the trial court could have found differently. We therefore again reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

WALMSLEY and VAUGHT, JJ., agree.

*Allen & Withrow*, by: *Teaven Stamatis*, for appellant.

*Scholl Law Firm, P.L.L.C.*, by: *Scott A. Scholl*, for appellee.