

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-13-1013

ARKANSAS FEDERAL CREDIT UNION

APPELLANT

V.

ELEANOR PIGG

APPELLEE

Opinion Delivered May 7, 2014

APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION
[NO. CV-2012-4058]

HONORABLE WENDELL GRIFFEN, JUDGE

REVERSED AND REMANDED; MOTION TO DISMISS APPEAL DENIED

## BILL H. WALMSLEY, Judge

Appellant Arkansas Federal Credit Union filed suit against appellee Eleanor Pigg, alleging that she owed $8148.98 on her Visa credit card issued by appellant. Pigg denied authorizing the charges on the credit card. After appellant rested its case at the bench trial, Pigg moved to dismiss and the motion was granted. On appeal, appellant argues that Pigg authorized the credit-card charges and is liable to pay the debt. We reverse and remand.

Attached to appellant's complaint was an affidavit of account stating that $8148.98 was past due and a copy of appellant's loan agreement signed by Pigg. A supervisor in appellant's credit solution department, Nina Furman, testified that Pigg had signed the document titled "Permanent Loan Agreement" in 1992 as a joint borrower with her husband, Arealous Pigg. Furman stated that a joint borrower was responsible for all advances on the account and had

SLIP OPINION

the ability to take his or her name off the account, although Pigg had not attempted to do so. Furman said that by signing the agreement, Pigg authorized the account and use of the credit card and it did not matter whether Pigg specifically authorized each individual charge. Furman said that the terms of the loan agreement had been breached by nonpayment.

A billing statement for the account dated April 1, 2012, was also admitted into evidence, showing that the cardholders were Arealous and Eleanor Pigg and their address was 1001 Grazing Lane in Jacksonville, Arkansas. This was the same address Pigg had provided on the loan agreement. Although Furman did not know what individual charges accumulated to comprise the $8148.98 debt, she said that cardholders could determine the charges that created their balance by looking at all of their statements.

Pigg admitted that she signed the loan agreement in 1992 and that the address she provided was again her current address. She said that she separated from her husband and moved away from Arkansas in 1994, that her husband died in April 2012, and that she returned to Arkansas in July 2012. She admitted that she never informed appellant that she wished to be removed from the account or that her address had changed, and she never disputed any charges. Pigg testified that her husband always had possession of the credit card and that she had never used it. She said that she did not know what was purchased with it, that she never benefited from it, that she never saw the bill, and that she did not authorize any of the charges.

Appellant rested, and Pigg moved for dismissal based on insufficiency of the evidence. Pigg argued that appellant failed to prove that she was responsible for the charges that created

SLIP OPINION

the alleged debt. Appellant argued that pursuant to the signed loan agreement, Pigg authorized any charges on the account. The trial court announced its findings as follows:

> I'm going to grant the motion for directed verdict. There is no proof that the defendant, Eleanor Pigg, authorized any of the amount demanded, $8148.98. There is no proof that she purchased anything worth $8148.98. There is no proof that she knew that any amounts were purchased. There's no proof that she used the card in any instance.
>
> And it was incumbent upon the plaintiff to show that the defendant incurred this debt so as to be a borrower, not just a borrower but also to be a debtor. I mean this is not just a lawsuit on a loan. It's a lawsuit on a debt and here, there is proof that there was a line of credit taken out. There's no proof that Ms. Pigg received anything of value based upon this line of credit or the credit card that had been issued by the credit union; rather, the testimony from Ms. Pigg is that she, two years after the line of credit was opened, moved from the State of Arkansas in 1994, returned to the State of Arkansas in July 2012, never used the credit card, did not authorize any charges on the credit card.
>
> It's incumbent on the plaintiff to prove that she used the credit card, authorized charges or somehow benefited from the charges that were incurred, and so the Court is going to grant the motion for directed verdict and enter judgment in favor of the defendant.

The court then announced that, as the prevailing party, Pigg was entitled to attorney's fees and costs and could submit a statement of proposed fees and costs.

The trial court entered its judgment on July 11, 2013, denying and dismissing appellant's complaint. The court awarded Pigg $46 in costs and $7500 in attorney's fees. On July 18, 2013, appellant filed a "motion and brief for reconsideration." The motion was not ruled upon. On August 26, 2013, appellant filed a notice of appeal from the court's July 11 judgment.

We first address Pigg's motion to dismiss the appeal for lack of jurisdiction, wherein she claims that appellant failed to file a timely notice of appeal. Pigg argues that appellant's

SLIP OPINION

posttrial "motion for reconsideration" is not one of the specific motions that extends the time for filing a notice of appeal under Rule 4(b) of the Arkansas Rules of Appellate Procedure–Civil (2013). Rule 4(b)(1) provides in relevant part as follows:

> Upon timely filing in the circuit court of a motion for judgment notwithstanding the verdict under Rule 50(b) of the Arkansas Rules of Civil Procedure, a motion to amend the court's findings of fact or to make additional findings under Rule 52(b), a motion for a new trial under Rule 59(a), or any other motion to vacate, alter, or amend the judgment made no later than 10 days after entry of judgment, the time for filing a notice of appeal shall be extended for all parties.

Appellant's motion cited Rule 59 of the Arkansas Rules of Civil Procedure regarding motions for new trials and asserted several grounds under the rule, including that the decision was contrary to the preponderance of the evidence and to the law. Appellant sought relief from the judgment, arguing that the executed loan agreement was proof of Pigg's authorization for the use of the account, and as a joint borrower, she had equal responsibility for the repayment of any debt. The supreme court has held that a "motion to reconsider" requesting relief pursuant to Rule 59 is a valid motion. *Muccio v. Hunt*, 2012 Ark. 416. We hold that appellant's motion was a proper motion under Rule 4(b) to extend the time for filing a notice of appeal. Therefore, we deny Pigg's motion to dismiss the appeal.

A trial court's duty is to review a motion for directed verdict or dismissal at the conclusion of a plaintiff's case by deciding whether, if it were a jury trial, the evidence would be sufficient to present to the jury. *Woodall v. Chuck Dory Auto Sales, Inc.*, 347 Ark. 260, 264, 61 S.W.3d 835, 838 (2001). In reviewing an order granting a motion for directed verdict, this court considers the evidence in the light most favorable to the party against whom the verdict was directed and if any substantial evidence exists that tends to establish an issue in

favor of that party, it is error for the trial court to grant the directed-verdict motion. *Scott Truck & Tractor Co. of Louisiana, Inc. v. Alma Tractor & Equip., Inc.*, 72 Ark. App. 79, 82, 35 S.W.3d 815, 817 (2000). Section 1643(b) of the Fair Credit Billing Act, 15 U.S.C. § 1666 (2012), places upon the card issuer the burden of proving that any disputed use made of a credit card was authorized.

Appellant contends that the trial court ignored the terms of the loan agreement and applied the wrong standard of proof. Appellant argues that by the terms of the loan agreement, which Pigg admitted to executing, Pigg gave her explicit authorization to use of the credit card by both her and her husband and promised to pay all amounts advanced. Appellant claims that her responsibility to repay any debt is not conditioned upon her actual use of the card. Pigg argues that appellant cannot prevail because it cannot meet its burden of proof on damages by proving the charges that resulted in the accumulated debt.

In the permanent loan agreement, the names "Arealous and Eleanor Pigg" were written as the "name of members." Under the heading "Promise To Pay," the agreement states that "By this Agreement, you promise to pay us all amounts that we advance from time to time, plus a finance charge." Pigg signed the agreement under the heading for "Joint Borrower." Above her signature, address, and social security number, is the following statement: "The person signing as joint borrower may also receive advances and is equally bound by the terms of this Agreement. Any cancellation of the power to make advances must be submitted in writing to us and approved by us."

In *Danner v. Discover Bank*, 99 Ark. App. 71, 257 S.W.3d 113 (2007), this court

recognized that billing statements were not sufficient to meet the burden of proving that disputed charges were authorized.  We noted that to verify their statements of accounts, the credit-card company could have introduced evidence "that appellant had executed a credit application, a cardholder agreement, or sales slips in connection with the disputed account so as to identify appellant as the cardholder and the charges as authorized."  We reiterated our holding in *Harp v. Security Credit Services, LLC*, 2013 Ark. App. 202, where we reversed and remanded a jury verdict because billing statements were the only proof submitted to show that the charges on the account had been authorized.

We agree with appellant that the executed loan agreement here provided the necessary proof of authorization to survive the motion to dismiss.  The agreement explicitly identified Pigg as a cardholder and the charges as authorized.  The trial court erroneously required appellant to prove that Pigg used or benefited from the credit card or authorized individual charges made by her husband.  We thus reverse and remand for further proceedings consistent with this opinion.  We also reverse the award of attorney's fees and costs to Pigg as she is no longer the prevailing party at this point.

Reversed and remanded; motion to dismiss appeal denied.

WOOD and BROWN, JJ., agree.

*McGue Law Firm*, by: *Clinton D. McGue*, for appellant.

*Ogles Law Firm, P.A.*, by: *John Ogles*, for appellee.