

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-15-15

BETSY R. DANNER

APPELLANT

V.

DISCOVER BANK

APPELLEE

**OPINION DELIVERED** JUNE 3, 2015

APPEAL FROM THE CLARK COUNTY CIRCUIT COURT
[NO. 10CV-05-0112]

HONORABLE ROBERT E. McCALLUM , JUDGE

REVERSED AND REMANDED

## ROBERT J. GLADWIN, Chief Judge

This long and tortured case returns to us for a third time. *See Danner v. Discover Bank (Danner I)*, 99 Ark. App. 71, 257 S.W.3d 113 (2007); *Discover Bank v. Danner (Danner II)*, 2013 Ark. App. 540. Appellant Betsy Danner contends that the trial court erred in concluding that the Arkansas Court of Appeals required the trial court to enter a judgment in favor of appellee Discover Bank. We agree and therefore must again reverse and remand.

This case began on July 26, 2005, when Discover Bank filed a complaint seeking to collect on appellant's Discover credit-card account. Danner denied the allegations, and a bench trial was held in the Clark County Circuit Court. The trial court found in favor of Discover Bank on the basis of its findings that Danner "did not say without question that these were not her charges" and that payments had been made on the account. On appeal, Danner asserted that the trial court erred by impermissibly shifting the burden of proof to her

SLIP OPINION

to show that the charges were not authorized. This court agreed and reversed and remanded the case for a new trial. *Danner I, supra.*

Following remand, a second bench trial was held. After hearing all of the evidence presented, the trial court found that Discover Bank had failed to meet its burden of proof. By an order entered on May 1, 2012, the trial court made the following findings of fact and conclusions of law:

> It is clear that Ms. Danner had a Discover Card account that she charged to and made payments on prior to the disputed charge. Discover Bank alleges that Danner purchased a "hyperbaric chamber" from a company called OxyHealth, LLC located in California and that she paid for the product by charging her Discover account in the amount of $6,000 on July 1, 2004. Ms. Danner disputes this charge and testified that she did not purchase the item; did not charge the $6,000 to her account; did not receive the item; and did not even know what a hyperbaric chamber was until this litigation commenced.

> In an effort to meet the proof required by the court of appeals decision, Discover Bank introduced additional proof at the second trial. For example, the affidavit of Jeffrey Dolin from OxyHealth, LLC was submitted, which verified their company record of invoice number 4933 to Betsy Danner dated July 16, 2004. The invoice reflects that a hyperbaric chamber was billed to Betsy Danner and shipped to Betsy Danner at her correct Arkadelphia address. According to the invoice, the item was shipped "prepaid" via UPS ground. The invoice was in the amount of $9,625 and reflected full payment of $9,625 leaving a $0.00 balance and was marked "PAID." An OxyHealth, LLC computer screen copy was also submitted into evidence reflecting a July 1, 2004 customer payment of $6,000 received from Betsy Danner through a Discover payment method. However, the OxyHealth, LLC documents do not reflect a signature or other written authorization by Betsy Danner. The documents also do not constitute an executed "sales slip" by Betsy Danner. Discover Bank also did not present a signed receipt from UPS verifying the delivery of the hyperbaric chamber that was allegedly delivered to Danner's home. Discover Bank did not present an executed credit application or cardholder agreement executed by Betsy Danner.

> The OxyHealth, LLC sales transaction evidence is further muddled by the fact that the July 16, 2004 "PAID" invoice is in the amount of $9,625 but the company record reflects a Betsy Danner Discover Card payment of only $6,000 on July 1, 2004.

There is no evidence of how the difference of $3,625 was paid.  You would expect there would be a record of who paid the additional $3,625 and by what method of payment.

Discover Bank introduced voluminous personal checking account records of Betsy Danner that included a $9,000 check from Betsy Danner's mother to Betsy Danner on July 7, 2004.  The implication was that this proved some connection between Betsy Danner and the $9,625 hyperbaric chamber purchase.  However, Discover Bank failed to sufficiently connect this evidence together as proof that Ms. Danner actually purchased the hyperbaric chamber.

Discover Bank contends that it is impractical and unfair for them to require merchants who accept payment through Discover Card to keep signed sales receipts or signed sales slips just to prove a disputed case by a disgruntled customer.  However, I disagree with this position based upon the court of appeals decision in this case and the reasoning of the *Crestar* [*Bank, N.A. v. Cheevers*, 744 A.2d 1043 (2000)] case.  The initial burden of proof is clearly upon the credit card company to prove the accuracy of charges made by the customer.  Contrary to Discover Bank's primary argument this case does not depend upon the credibility of Betsy Danner in her denial of the credit card charge.  The case turns on whether Discover Card met its burden of proof.  It failed to so.  The case against Ms. Danner is dismissed.

In the second appeal, Discover Bank argued that the circuit court erred when it determined that Discover Bank did not meet its burden of proof on its suit against Danner. Without expressly setting out Discover Bank's argument, this court again reversed and remanded.  *Danner II*, *supra*.  In our opinion, we stated:

First, [Danner] stipulated that the credit card was in fact her card, that she had used it for a substantial period of time, and that she had made payment on that account. Second, [Discover Bank] presented significant evidence to show that at least some of the disputed charges had been made by [Danner], including an affidavit from a California merchant saying that a machine costing over $9,000 had been purchased for shipment, that $6,000 of the purchase price was charged to [Danner's] Discover card, and that the machine was shipped to [Danner] at her home address.

*Danner II*, 2013 Ark. App. 540 at 1–2.

SLIP OPINION

Without addressing our standard of review for a bench trial or discussing the trial court's order, we stated, "The trial court clearly believed that the debt could be proved only by written documents signed by [Danner]." *Danner II*, 2013 Ark. App. 540 at 2. We went on to state,

> [I]t is clear here that the credit card was in fact issued to [Danner] and that the debt [Discover Bank] seeks to collect is based on charges alleged to have been made to her credit card. Furthermore, there is significant and persuasive evidence to show that [Danner] did in fact authorize at least *some* of the charges made in this case. But for its error of law requiring a signed sales receipt in every case, the trial court *could have* found differently. We therefore again reverse and remand for further proceedings consistent with this opinion.

*Danner II*, 2013 Ark. App. 540 at 2–3 (emphasis added).

Upon the second remand, the trial court, after hearing arguments from counsel, stated as follows:

> The court of appeals has reviewed these same facts and my order and I read their decision to say that they believed I mistakenly analyzed the facts and remanded it, but told us in their decision that there was substantial evidence to support Discover Bank's position. I am going to accept the court of appeals analysis of the facts and law.

Discover Bank's counsel then asked,

> Your Honor, just for clarity of the record, could we clarify for the record whether this court is making a finding that there is evidence that Discover Bank met its burden of proof that Ms. Danner authorized the charges, or just implementing the court of appeals opinion without changing your position on the facts?

The trial court responded,

> I think I have to accept their version of the facts, because I think that is what they ordered, this is law of the case at this point.
>
> I looked at the facts and did not believe that Discover Bank had met its burden of proof. As I read what the court of appeals did, they reviewed the same facts and

4

my analysis, and they believed Discover Bank met its burden of proof, and I'm accepting that.

An appellate court will affirm the circuit court's findings unless they are clearly erroneous or clearly against the preponderance of the evidence. *Steele v. Lyon*, 2015 Ark. App. 251. A trial court's findings are clearly erroneous when, although there is evidence to support it, the appellate court based on the entire evidence is left with a firm conviction that a mistake has been committed. *Id*. The appellate court will not defer to the circuit court on a question of law. *Rial v. Boykin*, 95 Ark. App. 404, 237 S.W.3d 489 (2006).

A mandate is the official notice of the appellate court's action, directed to the court below, advising that court of the action taken by the appellate court and directing the lower court to have the appellate court's judgment duly recognized, obeyed, and executed. *Williams v. Davis*, 2009 Ark. App. 850, 373 S.W.3d 381. The "mandate rule" provides that an inferior court has no power or authority to deviate from the mandate issued by an appellate court. *Id*. The question of whether the lower court followed the mandate is not simply one of whether the lower court was correct in its construction of the case but also involves a question of the lower court's jurisdiction. *Id*. The lower court is vested with jurisdiction only to the extent conferred by the appellate court's opinion and mandate. *Id*. If an appellate court remands with specific instructions, those instructions must be followed exactly, to ensure that the lower court's decision is in accord with that of the appellate court. *Id*.

Danner argues that the trial court erroneously interpreted the opinion in *Danner II* to require a judgment in favor of Discover Bank regardless of whether the trial court found that

Discover Bank proved that Danner authorized the charges by any means other than a signed sales slip. She contends that the trial court misinterpreted *Danner II* to mean that this court clearly believed that the debt could only be proved by written documents signed by Danner, and if not for the trial court's mistaken belief that a signed document was required, the trial court could have found differently. Thus, Danner claims that the trial court's conclusion that it was required to enter judgment in favor of Discover Bank was clearly erroneous.

Discover Bank contends that the law-of-the-case doctrine compels the trial court to follow our mandate; thus, the case should be affirmed. The law-of-the-case doctrine dictates that an issue raised and concluded in a prior appellate decision may not be revisited in a subsequent appeal. *See Turner v. NW Ark. Neurosurgery Clinic, P.A.*, 91 Ark. App. 290, 210 S.W.3d 126 (2005). Discover Bank argues that the trial court followed this court's mandate as written, which it was required to do. Discover Bank also argues that the sufficiency of the evidence was argued at length in *Danner II* and that this court found in favor of Discover Bank. It contends that Danner does not get a second bite at the apple on her clearly-erroneous argument because that issue has already been decided adversely to her by this court.

We disagree that the sufficiency of the evidence has been determined by this court or that the evidence was adequately weighed by the trial court. We start by acknowledging that our opinion in *Danner II* is not a model of clarity. It is also not unreasonable, based upon the arguments presented in *Danner II*, that the trial court thought that we were reversing its findings of fact. The argument that Discover Bank did not meet its burden of

proof was clearly a sufficiency-of-evidence argument, and by reversing and remanding, it was not unreasonable for the trial court to believe that we were directing it to enter an order. However, it is equally clear that appellate courts do not weigh the evidence, but simply determine whether the circuit court's findings are clearly against the preponderance of the evidence.

First, our opinion in *Danner II* does not set out the clearly-erroneous standard that is used when we address a sufficiency-of-evidence argument. *See Steele, supra*. Although our opinion states that there is significant and persuasive evidence to show that Danner did in fact authorize some charges, significant and persuasive is not the standard by which this court addresses sufficiency-of-evidence questions. To reverse a sufficiency finding in a bench trial, we must state that the trial court was clearly erroneous. *Id*. We did not do that in *Danner II*. We held only that the trial court believed that the debt could be proved only by written documents signed by Danner. We insinuated in our holding that the court should consider all of the evidence, documentary and otherwise. While we acknowledge that during the hearing on remand the trial court stated that it considered all of the evidence in *Danner II*, it did not re-weigh the evidence after the second remand. The trial court clearly believed we were directing it to enter a judgment in favor of Discover Bank, which was not our mandate. We directed the court to conduct further proceedings, not to enter an order.

For clarification, we reiterate that *Danner I* held that Discover Bank's burden of proof could not be shifted to Danner. *Danner II* held that the underlying debt could be proved by other evidence, besides, or in addition to, written documents signed by Danner. With these

7

principles in mind, we again reverse and remand this case to the trial court to weigh all of the evidence in reaching its decision. By doing this, we do not indicate what we believe the trial court should find. The evidence has been presented to the trial court, and the trial court should render a decision based on that evidence.

Reversed and remanded.

VIRDEN and HIXSON, JJ., agree.

*Scholl Law Firm, P.L.L.C.*, by: *Scott A. Scholl*, for appellant.

*Allen and Withrow*, by: *Gus Allen*, for appellee.