## Curtis DRUMMOND *v.* Randall SHEPHERD, Shirley Shepherd, Brian Thomas and Dennis Shepherd

CA 06-438                                              247 S.W.3d 526

### Court of Appeals of Arkansas
### Opinion delivered January 24, 2007

*The Baker Law Firm, PLLC*, by: *Rinda Baker*, for appellant.

*Bagby Law Firm, P.A.*, by: *Philip A. Bagby*, for appellees.

LARRY D. VAUGHT, Judge. Appellant Curtis Drummond argues that the trial court erred by dismissing his prescriptive-easement action and erroneously granting appellees' motion for attorney's fees. We affirm in part and reverse in part.

This case began in October 2004, when Drummond filed a complaint asserting a right-of-use easement (on a gravel drive) across appellees' property. In response to his claim, appellees filed

a 12(b)(6) motion to dismiss — arguing that Drummond had previously sought to have this same drive designated a roadway-by-necessity in county court. Appellees noted that the necessity action had been dismissed on March 4, 2004, after the court-appointed reviewers determined that Drummond did in fact have access to his property by other means. Appellees also moved the court for an award of attorney's fees pursuant to Ark. Code Ann. § 16-22-309 (Repl. 1999), arguing that Drummond's claim for a prescriptive easement was wholly without merit. The motions were denied, and the matter went to trial on November 15, 2005. At trial, appellees renewed their motion to dismiss and their motion for attorney's fees, arguing that Drummond failed to present a justiciable issue. The court again denied their motions.

At trial, Drummond testified that in 2002 he purchased a forty-acre tract near the Bidville Community in northern Crawford County. He stated that he was born in 1935 and had lived in the area of the property from 1939 until 1949. He offered proof that he and his cousins had crossed over the property periodically from the 1930s through 1967. However, the only proof of actual continuous usage of a particular route was from the time of Drummond's purchase of the neighboring property in 2002, until he ceased using the route in 2004. Specifically, Drummond testified that he had used the roadway "since I got it [the property in 2002] until about a year ago, whenever Ellison's wife stopped me there and told me she didn't want me going across her property no more."

At the close of the case-in-chief, appellees moved to dismiss the case, arguing that Drummond had only established two years of continuous use. The court then granted the motion, stating that Drummond's proof was "woefully short" of the minimum usage of seven consecutive years required to establish a prescriptive easement. In a post-trial motion, appellees claimed they incurred $4476 in attorney's fees defending against Drummond's easement complaint. In response to appellees' motion, the court concluded that, because Drummond presented no justiciable issue of law or fact in his complaint, appellees were entitled to an award of attorney's fees as mandated by section 16-22-309.[1] Drummond

---

[1] Despite holding that Drummond failed to present a justiciable issue, the court reduced appellees' fee award to $1500, although the statute would have allowed a full recovery of the fees incurred by appellees. *See* Ark. Code Ann. § 16-22-309(a)(1) (Repl. 1999).

tendered a timely appeal, claiming that the trial court erroneously dismissed his complaint and erred by concluding that he failed to present a justiciable issue.

We first consider Drummond's challenge to the trial court's grant of appellees' motion to dismiss. A motion to dismiss is identical to a motion for a directed verdict in a jury trial and is a challenge to the sufficiency of the evidence. *See Reed v. State*, 91 Ark. App. 267, 209 S.W.3d 449 (2005). On appeal, we review the evidence in the light most favorable to the party against whom the verdict is sought and give it its highest probative value, taking into account all reasonable inferences deducible therefrom. *Woodall v. Chuck Dory Auto Sales, Inc.*, 347 Ark. 260, 61 S.W.3d 835 (2001). A motion for directed verdict should be granted only if there is no substantial evidence to support a jury verdict. *Id.* at 264, 61 S.W.3d at 838. Where the evidence is such that fair-minded persons might reach different conclusions, then a jury question is presented, and the directed verdict should be reversed. *Id.*, 61 S.W.3d at 838. It is a trial court's duty to review a motion for directed verdict or dismissal at the conclusion of a plaintiff's case by deciding whether, if it were a jury trial, the evidence would be sufficient to present to the jury. *Id.*, 61 S.W.3d at 838.

In Arkansas, one asserting an easement by prescription must show — by a preponderance of the evidence — use that is adverse to the true owner and under a claim of right for at least seven years. *Gazaway v. Pugh*, 69 Ark. App. 297, 12 S.W.3d 662 (2000); Ark. Code Ann. § 18-61-101 (Repl. 2003), *see also* Ark. Code Ann. § 18-11-106 (Repl. 2003). Here, considering the evidence in the light most favorable to Drummond, there is proof that he continuously used the roadway for approximately two years. However, by his own account, once he was told to stop using the road — he did. Therefore, he made no showing of adverse use, and it was not error for the trial court to dismiss the claim.

Drummond also argues that the trial court erred in its decision to award appellees attorney's fees because his complaint contained a justiciable issue. Arkansas Code Annotated § 16-22-309 provides that an attorney's fee shall be awarded in any action where the trial court finds that there was a complete absence of a justiciable issue of either law or fact. In order to support a determination that no justiciable issue exists, the court must determine that a complaint was filed in bad faith solely for purposes

of harassing or maliciously injuring another, or delaying adjudication without just cause or that an attorney or party signed a pleading not grounded in fact, not warranted by existing law or a good faith argument for a change in the law, or filed for an improper purpose. *See State v. Craighead County Bd. of Election Comm'rs*, 300 Ark. 405, 779 S.W.2d 169 (1989).

According to the statutory language, on appeal, the question as to "whether there was a complete absence of a justiciable issue is determined de novo on the record of the trial court alone." Ark. Code Ann. § 16-22-309(d) (Repl. 1999); *Stilley v. Hubbs*, 344 Ark. 1, 40 S.W.3d 209 (2001). Additionally, our case law requires that we not reverse the trial court's factual findings, unless they are clearly erroneous. *Stanley v. Burchett*, 93 Ark. App. 54, 216 S.W.3d 615 (2005). In this case, although the trial court expressly held that there was an absence of a justiciable issue, it made no factual findings supporting its legal conclusion. Therefore, we are left with the singular task of determining whether — as a matter of law — Drummond presented a justiciable claim. Further, contrary to appellees' assertion that the trial court did not abuse its discretion in making the fee award, which is generally the ultimate test for the propriety of an award of attorney's fees, we do not review matters of law under an abuse-of-discretion standard.

Although Drummond fell short of his ultimate burden, proving seven years of adverse use, he did present a valid claim and offered some evidence that he had used the roadway over the course of many years. Indeed, his claim had sufficient merit that the trial court twice refused to dismiss the claim before its ultimate decision to dismiss. Therefore, based on our de novo review of the trial record, we conclude that Drummond presented a weak but justiciable claim. The trial court is reversed on this point.

Affirmed in part; reversed in part.

GLOVER and MARSHALL, JJ., agree.