2010 Ark. App. 847

**Rickey HENRY, Appellant**

v.

**QHG OF SPRINGDALE, INC., Northwest Medical Center of Benton County, and WellCare Health Insurance of Arizona, Inc., Appellees.**

**No. CA 10–167.**

Court of Appeals of Arkansas.

Dec. 15, 2010.

Ken David Swindle, Rogers, for appellant.

Charles Larry Harwell, Matthew Lee Fryar, Springdale, for appellee.

ROBERT J. GLADWIN, Judge.

Appellant Rickey Henry challenged the Benton County Circuit Court's November 9, 2009 order granting attorney's fees to appellee QHG of Springdale, Inc., d/b/a Northwest Medical Center of Benton County, Arkansas, claiming that the trial court erred. An appeal followed, and an opinion was filed and published by the Arkansas Court of Appeals on September 15, 2010. A petition for rehearing was filed September 30, 2010, and is hereby granted. Thus, we vacate our prior opinion and reinstate the appeal. As a result, we now have before us the question of whether the trial court erred in granting attorney's fees to appellee QHG. We affirm the trial court's award of attorney's fees.

## Statement of Facts

Henry was a patient at Northwest Medical Center as a result of an automobile accident, and presented his health insurance information during his treatment. The hospital asked patients with insurance to provide insurance information and agreed to process the charges. Henry's insurance company was WellCare Health Insurance of Arizona, Inc.

On March 11, 2008, QHG filed a notice of lien against Henry for $12,277.40 for medical charges related to his care at Northwest Medical Center. On February 11, 2009, Henry brought a suit against WellCare for breach of contract. On March 31, 2009, QHG filed a second notice of lien against Henry for unpaid medical bills in the amount of $12,277.40. On April 21, 2009, Henry filed a second amended complaint, adding QHG as a defendant and asserting that pursuant to its contract with WellCare, the hospital should have taken an agreed-upon reduction in charges instead of attempting to collect the full bill from him, and that in breaching its contractual obligations to WellCare by improperly submitting Henry's charges to WellCare, QHG also breached its fiduciary duty to him.

On May 7, 2009, QHG wrote off the remaining $12,216.40, but adjusted the account on May 14, 2009, to reflect a payment of $869.67 from WellCare. On May 21, 2009 (a little over three months after Henry's suit was initially filed and one month after Henry amended his complaint to add the hospital), QHG wrote off the remaining co-pay amount of $146.09, fully settling Henry's account. Thereafter, QHG filed a motion to dismiss, or alternately, a motion for summary judgment.

By order dated August 31, 2009, the circuit court denied QHG's motion to dismiss, granted QHG's motion for summary judgment as to Henry's breach-of-fiduciary-duty claim against QHG, and denied WellCare's motion to dismiss. On November 6, 2009, the circuit court denied QHG's motion for sanctions, but, stating that the award was pursuant to Arkansas Code Annotated section 16–22–309(a)(1) (Repl. 1999), the court granted QHG's request for attorney's fees in the amount of $1,500 (out of the $4,477.74 requested). Henry filed a motion for reconsideration, or in the alter-

native, motion for findings of fact and conclusions of law on November 21, 2009, and a motion for clarification on November 24, 2009, both of which were deemed denied pursuant to Arkansas Rule of Civil Procedure 52(b)(1). Henry filed a motion to dismiss his claims against WellCare with prejudice, so that there would be a final, appealable order, and the circuit court granted the motion.

■ Henry filed this appeal claiming that the notice of appeal was from the order awarding fees and the deemed denial of the motion for reconsideration and motion for clarification. The hospital argues that Henry filed his notice of appeal as to the order awarding attorney's fees only, and that no other orders of the trial court are properly before this court. The notice of appeal is incomplete with respect to the motions appealed from in both the addendum and the record before this court. The court only has pages 1 and 3 before it. From these two pages, it is clear that Henry appeals the award of attorney's fees. Further, the notice of appeal was filed on December 4, 2009. Under Arkansas Rule of Civil Procedure 52(b)(1), a motion is deemed denied only if the trial court fails to act on it within thirty days of its filing. Accordingly, Henry's motions for reconsideration and clarification were not deemed denied until December 20 and December 23, respectively. An appeal from the denial of these motions that is taken prior to these dates where the notice is not amended after these dates is not timely and will not be considered, leaving the sole issue on appeal whether the circuit court erred in awarding attorney's fees to the hospital.

### Standard of Review

■ The appellate standard of review for issues of statutory construction is well settled:

The basic rule of statutory construction is to give effect to the intent of the legislature. Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. We construe the statute so that no word is left void, superfluous or insignificant, and we give meaning and effect to every word in the statute, if possible.

*Great Lakes Chem. Corp. v. Bruner,* 368 Ark. 74, 82, 243 S.W.3d 285, 291 (2006) (internal citations omitted).

■ The decision to grant or deny attorney's fees lies within the sound discretion of the trial court, and we will not reverse the decision of the trial court absent a showing of an abuse of that discretion. *Taylor v. George,* 92 Ark.App. 264, 212 S.W.3d 17 (2005). Generally, in Arkansas, an award of attorney's fees is not allowed, unless an award of fees is specifically permitted by statute. *See Seidenstricker Farms v. Doss,* 374 Ark. 123, 286 S.W.3d 142 (2008).

### Discussion

■ Arkansas Code Annotated section 16–22–309(a)(1) provides as follows: In any civil action in which the court having jurisdiction finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party or his attorney, the court shall award an attorney's fee in an amount not to exceed five thousand dollars ($5,000), or ten percent (10%) of the amount in controversy, whichever is less, to the prevailing party unless a voluntary dismissal is filed or the pleadings are amended as to any nonjusticiable issue within a reasonable time after

the attorney or party filing the dismissal or the amended pleadings knew, or reasonably should have known, that he would not prevail.

Subsection (b) of this statute sets forth what is required to find that an issue is nonjusticiable:

In order to find an action, claim, setoff, counterclaim, or defense to be lacking a justiciable issue of law or fact, the court must find that the action, claim, setoff, counterclaim, or defense was commenced, used, or continued in bad faith solely for purposes of harassing or maliciously injuring another or delaying adjudication without just cause or that the party or the party's attorney knew, or should have known, that the action, claim, setoff, counterclaim, or defense was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification, or reversal of existing law.

Subsection (d) provides, "On appeal, the question as to whether there was a complete absence of a justiciable issue shall be determined de novo on the record of the trial court alone." *See Drummond v. Shepherd,* 97 Ark.App. 244, 247 S.W.3d 526 (2007); *see also Stilley v. Hubbs,* 344 Ark. 1, 40 S.W.3d 209 (2001). A finding of a complete lack of a justiciable issue is a prerequisite to awarding attorney's fees under this provision of the Code. *See City of Ft. Smith v. Didicom Towers, Inc.,* 362 Ark. 469, 209 S.W.3d 344 (2005). Our case law requires that we not reverse the trial court's factual findings unless they are clearly erroneous. *Drummond,* 97 Ark. App. at 247, 247 S.W.3d at 528; *see also Stanley v. Burchett,* 93 Ark.App. 54, 216 S.W.3d 615 (2005).

The November 6, 2009 order does not set forth any findings of fact or law upon which the court might base either its denial of Rule 11 sanctions or its grant of attorney's fees, other than its citation to Arkansas Code Annotated section 16–22–309(a)(1). In order to award the attorney's fees to QHG, as the prevailing party, the statute dictates that the circuit court must find a complete lack of a justiciable issue. QHG prevailed in this case by virtue of the circuit court's August 31, 2009 order, granting QHG's motion for summary judgment. In pertinent part, the circuit court states the following in its order:

There is no issue of material fact as to [Henry]'s breach of fiduciary relationship claim against QHG. The Court finds that the undisputed facts as presented do not rise to the level to state a claim for breach of fiduciary responsibility. The Court specifically finds that [Henry]'s claim cannot survive the motion for summary judgment due to his failure to establish any damages for his claim. Therefore, the claim of [Henry] as against the separate defendant, QHG, should be and hereby is dismissed with prejudice.

In the foregoing findings, the circuit court does not state specifically that the claim is dismissed for complete lack of a justiciable issue. Going to the record on our de novo review, the circuit court states in the hearing on the motion to dismiss,

My take on this is that the issue of whether there is a fiduciary duty between a patient and a hospital is much closer than what [QHG] argues, but much closer still doesn't get there, and I don't think there has been a fiduciary duty established. The reason I had some question in my mind about it is because the hospital does take on the role of give us your insurance card, and we are going to pursue all this, and you have to assign the insurance proceeds to us. I think they take a much more active and greater role in dealing with the

insurance company than just simply you are our patient, and we are your hospital, and that's the end of it. I think it is much more than that. But that being said, I still don't believe that it rises to the level of a fiduciary duty. At least I am not convinced in this case it did.

The other issue is the lack of damages, and I think that is absolutely the death knell to this case between [Henry] and [QHG] because I don't think he can establish damages that the entire amount that was not paid in excess of $11,000 has been written off, and I just don't see how he could possibly claim damages. So for those two reasons together I am going to grant [QHG]'s motion for summary judgment.

Instead of remanding for further findings by the circuit court regarding the question of whether Henry's failure to dismiss the lawsuit, after QHG wrote off the entire amount of the hospital bill, was in bad faith or was without any reasonable basis in law or equity, this court, pursuant to Arkansas Code Annotated section 16–22–309(d), looks at the record de novo to answer the question. A review of the record above shows that the circuit court had made its position exceedingly clear with regard to Henry's claim of breach of fiduciary duty. Further, the damages issue was one of fact, which was properly before the circuit court on summary judgment. The circuit court determined that there were no damages because the patient did not owe the hospital. Thus, the circuit court's award of attorney's fees based on section 16–22–309(b) was not an abuse of discretion. The record supports that, by continuing the lawsuit once the debt had been waived, Henry's actions had no basis in law or equity at the very least, and at the most, amounted to bad faith. Because there was a lack of a justiciable issue, the circuit court's award of attorney's fees to QHG was not in error.

Affirmed.

ROBBINS, GLOVER and HENRY, JJ., agree.

HART and BAKER, JJ., dissent.

KAREN R. BAKER, Judge, dissenting.

On rehearing, the majority holds that the trial court's decision to award attorney's fees to appellee QHG was not erroneous because appellant's complaint did not contain a justiciable issue. I believe that appellant presented a justiciable issue, making an award of attorney's fees inappropriate. I would reverse.

We are charged in our de novo review with the singular task of determining whether—as a matter of law—appellant presented a justiciable claim. Subsection 16–22–309(b) states that in order to be awarded attorney's fees, it is necessary to prove that the plaintiff was acting in bad faith. I do not find that the order, the transcript of the hearing, or the record as a whole demonstrates that appellant brought the breach-of-fiduciary-duty claim in bad faith.

In reaching its conclusion, the circuit court and the majority opinion particularly focus on damages. QHG filed a notice of lien against appellant first on March 11, 2008, and then again on March 31, 2009. On May 21, 2009—a little over three months after appellant's suit was filed and one month after appellant amended its complaint to add QHG—QHG wrote-off the remaining co-pay amount of $146.09, fully settling appellant's account. The lien was released on July 17, 2009. Under these facts, I cannot agree that there were no damages. While QHG had "written off" the charges before the hearing on summary judgment, it had filed a second personal lien against appellant just two

weeks prior to appellant amending the complaint to add QHG. The fact that QHG wrote the debt off some two weeks after the complaint was amended to bring QHG into the case mitigated damages but did not nullify the cause of action.

In any event, the circuit court never found that the claim was commenced, used, or continued *in bad faith* or otherwise met the requirements for awarding attorney's fees under section 16–22–309(a)(1). Because the requirement of bad faith underlying an award of attorney's fees under this statute was not met, I would reverse.

HART, J., joins.