SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISIONS II & III
**No.** CV-15-881

| | |
|---|---|
| | **Opinion Delivered** June 8, 2016 |
| JOHN CROSS AND GLENDA CROSS | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT |
| APPELLANTS | [NO. CV-14-160-3] |
| V. | HONORABLE TED CAPEHEART, SPECIAL JUDGE |
| BRENDA CROSS AND JAMES GARY CROSS | |
| APPELLEES | SUBSTITUTED OPINION ON GRANT OF REHEARING; AFFIRMED IN PART, REVERSED IN PART ON DIRECT APPEAL; REMANDED WITH INSTRUCTIONS; AFFIRMED ON CROSS-APPEAL |

## RAYMOND R. ABRAMSON, Judge

On April 27, 2016, we issued an opinion disposing of this appeal and cross-appeal. *Cross v. Cross*, 2016 Ark. App. 224, ___ S.W.3d ___. Appellants have petitioned for rehearing, arguing that we failed to address one of their alternative arguments. We grant rehearing and issue this substituted opinion.[1]

---

[1]Appellants originally filed a motion for extension of time in which to file their petition for rehearing. We granted the motion on May 19, 2016. Appellants' petition for rehearing was filed on May 23, 2016.

SLIP OPINION

This is a boundary dispute between two brothers and their wives. The Miller County Circuit Court found that there was a boundary by acquiescence and that res judicata barred the claims of appellants Glenda and John Cross, who were seeking to quiet title. Appellants raise eight points on appeal. Appellees James Gary Cross (Gary) and Brenda Cross cross-appeal and argue that the circuit court erred in refusing to award them attorney's fees on the basis that appellants' claim lacked a justiciable issue. We affirm in part and reverse in part on direct appeal. We affirm on cross-appeal. We also remand the case so that the circuit court can amend the decree to include a metes-and-bounds description showing the location of the fence.

This is the latest in a series of lawsuits between John Cross and Gary Cross over the boundaries of various properties located in Miller County. The parties own several thousand acres between them in Miller County. This case involves the tract that appellants purchased from Virginia and William Cox in February 2014. The legal description of the Cox property calls for a rectangular half-of-a-half-of-a-quarter-section tract. It is bounded on the north by another tract owned by appellants and on the east and south by appellees. The parties each own forty-acre tracts that are adjacent to the west side of the Cox property. Of these two forty-acre tracts, appellees own the southerly forty-acre tract that is separated from their tract immediately to the south of the Cox property by a tract owned by appellants that meets at the southwest corner of the Cox property.

The parties' westerly forty-acre tracts are separated by a lake and were the subject of litigation in 1999 and 2002. In 2005, the parties stipulated that the north-south line between the parties was the line on a survey prepared by Kenneth Lynch. This line divided the lake.

SLIP OPINION

The eastern line of the Cox property and appellants' property to the north of the Cox property was the subject of a suit brought by appellees against the Coxes and appellants in 2008. In its decree filed in 2011, the court found that the parties and their predecessors in title had recognized a fence to the east of the Coxes' survey line to be the boundary between the lands in question for more than forty years. This fence meanders inside the survey line at the northeast corner of the Cox property. Title to the property lying east of the fence was quieted in appellees. This resulted in a loss of a little more than two acres from the description of the Cox property. There is another fence on the western side of the Cox property, estimated to be approximately sixty feet off the section line called for in the deed from the Coxes to the appellants.

The present litigation started on July 7, 2014, when appellants filed their petition seeking to quiet title to the Cox property. Appellants asserted that appellees were trespassing over the southwest corner of the Cox property between the fence and the section line in order to access their property that adjoined the western boundary of the Cox property. Appellants also contended that appellees were claiming the western fence as an improper boundary between the parties. They filed an amended petition to add the alternative theory of adverse possession.

Appellees timely filed answers to both complaints. In both answers, appellees asserted the affirmative defenses of collateral estoppel and/or res judicata. The affirmative defenses were based on the 2008 litigation over the boundary line between the parties.

The case proceeded to a bench trial. The court took the matter under advisement and requested proposed findings of fact and conclusions of law.

SLIP OPINION

After the trial but before the court announced its decision, appellees filed a motion seeking attorney's fees pursuant to Ark. Code Ann. § 16-22-309 (Repl. 1999). They argued that appellants lacked any justiciable issue because the issue had previously been resolved in appellees' favor in the prior litigation. Appellants responded, arguing that the claim for fees had been waived because it was not addressed in appellees' case-in-chief.

The circuit court entered its order on July 15, 2015, finding that appellants and their Cox predecessors failed to meet their burden to prove their quiet-title claim. The court found no evidence that the Coxes or the appellants had occupied the area between the fence and the line called for in appellants' deed from the Coxes. The court further found that no party disputed that there was a previous lawsuit concerning this same fence line, that the same fence completely surrounded the Cox property, that the court ruled in favor of appellees in that earlier case, and, therefore, res judicata prevented appellants from relitigating the same claims, even if the earlier litigation did not involve the entire fence line. The court also found that appellees had made it clear in their pleadings and correspondence to opposing counsel that they contended that the fence was the true boundary of the Cox property by arguing that the issue had already been litigated and resolved in a previous lawsuit. The court noted that appellees made a motion to have the pleadings conform to the evidence. As such, the court found that the evidence was undisputed that the fence between the appellant/Cox property and appellees' property to the west was divided by a fence that had been present for over forty years and which had been recognized as the true boundary by acquiescence between those tracts of property.

SLIP OPINION

The court rejected appellants' alternative argument of adverse possession as also barred by res judicata. The court granted appellees costs of $2,500.

Appellants timely filed a motion for new trial and motion for additional findings. The motion argued that the court improperly relied on the affirmative defense of boundary by acquiescence that had not been pled and that the order was against the preponderance of the evidence. The motion also challenged the award of costs as not supported by the evidence.

On July 22, 2015, the court entered its judgment dismissing the case with prejudice. It incorporated the earlier July 15, 2015 order. It also denied the parties' posttrial motions. This appeal and cross-appeal timely followed.

In civil bench trials, the standard of review on appeal is whether the circuit court's findings were clearly erroneous or clearly against a preponderance of the evidence. *Tadlock v. Moncus*, 2013 Ark. App. 363, 428 S.W.3d 526. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the entire evidence, is left with a firm conviction that a mistake has been committed. *Id.*

Although appellants argue eight different points, they can be broken down into four distinct points: whether the circuit court was correct in finding that the old fence was a boundary by acquiescence; whether res judicata bars appellants' claims; whether appellants had proved their claim for adverse possession; and whether the amount of costs awarded was arbitrary and not supported by the record. We affirm the circuit court's finding that the fence was the boundary by acquiescence. This holding renders it unnecessary to discuss the circuit court's reliance on res judicata.

SLIP OPINION

Appellants argue multiple points concerning the circuit court's ruling that the fence was the boundary between the parties by acquiescence. Appellants not only contend that the court erred in allowing this affirmative defense to be raised in the first place via appellees' motion to amend the pleadings to conform to the proof, but also erred in finding that there was a boundary by acquiescence. We take appellants' arguments in order.

We will not reverse a circuit court's decision regarding the amendment of pleadings to conform to the evidence in the absence of a manifest abuse of discretion. *Ison Props., LLC v. Wood*, 85 Ark. App. 443, 156 S.W.3d 742 (2004). Arkansas Rule of Civil Procedure 15(b) governs the amendment of pleadings to conform to the evidence:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended in its discretion. The court may grant a continuance to enable the objecting party to meet such evidence.

Beginning with their opening statement, appellants objected whenever there was testimony about the fence along the boundary between the parties. However, even when an objection is made that the issue was not included in the pleadings, the circuit court may allow an amendment at its discretion. *Hope v. Hope*, 333 Ark. 324, 969 S.W.2d 633 (1998).

Appellants note that the circuit court did not specifically grant appellees' motion to amend the pleadings to conform to the evidence. Although the court did not specifically say that it was granting the motion, it is clear that it did so. In *King v. State, Office of Child Support Enforcement*, 58 Ark. App. 298, 952 S.W.2d 180 (1997), a complaint was treated as

amended, despite the lack of a ruling on a motion to amend to conform to the proof, where discussion between the trial court and counsel and the result of the case indicated that the amendment had occurred. *See also Jones v. Ray*, 54 Ark. App. 336, 925 S.W.2d 805 (1996); *In re Estate of Tucker*, 46 Ark. App. 322, 881 S.W.2d 226 (1994). That is what happened in the present case—the circuit court granted the motion without expressly stating so. The issue then becomes whether appellants were prejudiced by the amendment.

Contrary to appellants' argument, our courts have established a test to determine whether an amendment is prejudicial: "whether the party opposing the motion will have a fair opportunity to defend after the amendment." *Travis v. Houk*, 307 Ark. 84, 86, 817 S.W.2d 207, 208 (1991). *Accord*, *Turner v. Stewart*, 330 Ark. 134, 952 S.W.2d 156 (1997); *Thomas v. Pierce*, 87 Ark. App. 26, 184 S.W.3d 489 (2004). Appellants argue that they were prejudiced in three ways: (1) that appellees did not make the motion to amend the pleadings to conform to the proof until after they had rested; (2) that they were prejudiced when appellees renewed the motion at the close of all of the evidence because they did not introduce any evidence in opposition to the objected-to evidence to support the claim of boundary by acquiescence; and (3) because they did not subpoena witnesses to meet the claim.

We do not believe that appellants were prejudiced. First, by its plain language, the rule allows amendments to conform to the evidence to be made *at any time*, including after judgment. Therefore, appellants have not shown any prejudice by the timing of appellees' motion. Next, the parties and the Coxes owned the lands adjacent to the fence line. Appellants do not suggest what other witnesses they could call to shed light on whether

there had been recognition of the fence as a boundary. They should have been on notice that the issue of boundary by acquiescence could arise during the litigation because it was the basis of the 2011 decree, and appellees were relying on that decree as the basis for their res judicata defense.

This brings us to the merits of the circuit court's finding that the fence was the boundary by acquiescence. Specifically, appellants argue that there was no proof of an agreement to recognize the fence as the proper boundary. However, proof of an explicit agreement is unnecessary because a boundary line by acquiescence is inferred from the landowners' conduct over many years so as to imply the existence of an agreement about the location of the boundary line. *Warren v. Collier*, 262 Ark. 656, 559 S.W.2d 927 (1978); *Ward v. Adams*, 66 Ark. App. 208, 989 S.W.2d 550 (1999); *Summers v. Dietsch*, 41 Ark. App. 52, 849 S.W.2d 3 (1993). Here, there was ample testimony that the fence was recognized as the boundary between the two tracts. William Cox, appellants' predecessor in title, testified that the fence was in place when he purchased the property. He also testified that a timber company used to own the adjacent property and would cut timber up to the fence. Cox also testified that appellants were aware of the location of the fence. Gary Cross testified that the fence has been located in the same place since his grandfather owned the property in 1917. He also said that the fence has been recognized as the boundary by all the neighbors. Charles Cross, John and Gary's older brother, also testified that he had always considered the fence to be the boundary of the Cox property.

Based on this testimony, we cannot say that the circuit court clearly erred in finding a boundary by acquiescence. However, the circuit court's order lacks a specific description

of the property. It has long been held that a circuit court's decree must describe the boundary line between disputing landowners with sufficient specificity that it may be identified solely by reference to the decree. *Petrus v. Nature Conservancy*, 330 Ark. 722, 957 S.W.2d 688 (1997). When nothing remains to be done, we have decided the merits and remanded for the inclusion of a more specific legal description in the order. *See, e.g.*, *Rice v. Whiting*, 248 Ark. 592, 452 S.W.2d 842 (1970); *Boyster v. Shoemake*, 101 Ark. App. 148, 272 S.W.3d 139 (2008); *Adams v. Atkins*, 97 Ark. App. 328, 249 S.W.3d 166 (2007); *Jennings v. Burford*, 60 Ark. App. 27, 958 S.W.2d 12 (1997). The orders in these cases all referenced existing surveys.

Here, the circuit court's order provides that the "fence line depicted on the survey of the Cox property is hereby established as the boundary." In *Jennings*, we held that a similar description ("the meandering fence 'reflected by the Askew survey'") was not reversible error, but was a mere omission or oversight that could be corrected pursuant to then Rule 60(a) of the Arkansas Rules of Civil Procedure. Accordingly, we granted leave to the lower court to amend the decree by adding a more specific description of the boundary line between the parties' land. We did the same in *Boyster*. As we did in *Jennings* and *Boyster*, we again grant leave to the circuit court to amend the decree by adding a more specific description of the Cox property as bounded by the fence.

Appellants next argue that the circuit court erred in not finding that they proved their adverse possession claim from the west side of the Cox property to the 2005 Lynch survey line. The circuit court found that there was no evidence that appellants or their predecessors in title exercised control over any portion of the land outside the fence. The

9

court also found that the only evidence presented on the adverse-possession claim was consistent with the court's findings in its 2011 decree that "others familiar with the property in question had always considered the existing fence-line that surrounded the [appellants'] property to be the actual boundary line." Appellants do not address these parts of the circuit court's ruling. An argument not raised by the appellant in its brief cannot be considered by this court on appeal. *Vickers v. Freyer*, 41 Ark. App. 122, 850 S.W.2d 10 (1993). Moreover, the testimony that supports the circuit court's finding that there was a boundary by acquiescence also supports the finding that there was no proof to support a claim for adverse possession.

Finally, appellants argue that the $2,500 in costs awarded by the circuit court is arbitrary and against the preponderance of the evidence. Appellants further argue that the term "costs" has a limited and specific meaning under Ark. R. Civ. P. 54(d). We agree.

Contrary to appellees' argument, appellants properly preserved this issue below by means of their postjudgment motion. *See Zhan v. Sherman*, 323 Ark. 172, 913 S.W.2d 776 (1996). Rule 54(d) gives the circuit court discretion in awarding authorized costs. *Id*. The prevailing party's request for costs must be substantiated with proper documentation. *See Brown v. Lee*, 2012 Ark. 417, 424 S.W.3d 817; *Truck Ctr. of Tulsa, Inc. v. Autrey*, 310 Ark. 260, 836 S.W.2d 359 (1992). Here, appellees never filed a motion or affidavit detailing their costs. Because there is no evidence to support the award of costs, we reverse the award of costs.

On cross-appeal, appellees argue that the circuit court erred in failing to award them their attorney's fees. We disagree.

10

After trial but before the court entered its order, appellees filed a motion seeking attorney's fees pursuant to Ark. Code Ann. § 16-22-309 (Repl. 1999). The court denied the parties' posttrial motions. Section 16-22-309(a)(1) provides that an attorney's fee, not to exceed the lesser of $5,000 or ten percent of the amount in controversy, shall be awarded in any action where the circuit court finds that there was a complete absence of a justiciable issue of either law or fact. On appeal, the question as to whether there was a complete absence of a justiciable issue shall be determined de novo on the record of the circuit court alone. Ark. Code Ann. § 16-22-309(d). *See also Adams v. Atkins*, *supra*; *Drummond v. Shepherd*, 97 Ark. App. 244, 247 S.W.3d 526 (2007).

Appellees argue that the circuit court erred in failing to award fees under section 16-22-309 because res judicata clearly barred appellants' claims. Section 16-22-309(b) provides that a lack of a justiciable issue may be found where "the action . . . was commenced, used, or continued in bad faith solely for purposes of harassing or maliciously injuring another . . . or that the party or the party's attorney knew, or should have known, that the action . . . was without any reasonable basis in law or equity[.]" From our review of the record, we cannot say that the circuit court abused its discretion in disallowing fees under this standard. Appellants brought this action based on their contention that appellees were trespassing over the southwest corner of the Cox property to access another tract owned by appellees on which a lake is located. Although the circuit court found that appellants' claims were barred by res judicata and that there was a boundary by acquiescence, there was nothing to indicate that this argument was made in bad faith or that it was made solely for the purpose of harassing or of maliciously injuring appellees. *See, e.g.*, *Thompson v. City of Siloam Springs*,

333 Ark. 351, 969 S.W.2d 639 (1998). Under these circumstances, we affirm the circuit court's denial of appellees' request for attorney's fees.

Affirmed in part; reversed in part on direct appeal; remanded with instructions; affirmed on cross-appeal.

GLADWIN, C.J., and WHITEAKER, VAUGHT, HIXSON, and HOOFMAN, JJ., agree.