N. Mark Klappenbach, Judge, dissenting.
I dissent because the trial court abused its discretion in not permitting Elvis and Brittney Middleton (collectively "Elvis") to have the pleadings conform to the proof regarding the statute of limitations. In short, Arkansas Rule of Civil Procedure 15 expressly permits such amendments even after judgment, Rule 15 is designed to be liberally applied, the opposing side argued only that it was late in the litigation, the opposing side presented the evidence establishing that the statute of limitations had run, and the opposing side failed to demonstrate how it would have tried the case any differently. I recognize that trial courts possess discretion on the issue of such amendments, but if this situation does not present an abuse of discretion, then what does?
It must be remembered that this lawsuit started in April 2015, and it involved multiple issues presented for litigation. Joshua's estate[1] filed a complaint that included a request to eject Elvis from the real property, to have a partition sale of the real estate, and to require an accounting from Elvis for the moneys collected upon sale of the scrap metal. Elvis denied all the allegations, requested reformation of the deed in which Elvis bought the land from Leon Middleton, and alleged that Leon had abandoned the personal property left on the land.
Prior to the December 2015 bench trial, the parties agreed to a partition sale of the real estate and the division of those proceeds. The litigation then centered on the right to the money generated from the sale of the scrap metal. After Joshua's estate provided the proof to establish that Elvis had sold the scrap metal in 2010 (a fact not in dispute), Elvis's attorney requested that the pleadings be conformed to the undisputed *207 evidence that the three-year statute of limitations for conversion or for an accounting had run long before the April 2015 complaint was filed. The estate's attorney raised a general objection. Although the trial court asked for posttrial briefs on this issue, only Elvis filed such a brief; Joshua's estate did not.
The trial court issued a letter opinion in March 2016, as described in the majority opinion, rejecting Elvis's request to amend the pleadings. The trial court noted that Joshua's estate did not expressly or impliedly consent to such an amendment and that "[a]mending the pleadings following the trial would result in unfair prejudice."
In July 2016, an order was entered that set the amount the estate was to receive regarding the scrap-metal proceeds and that ordered the real property to be sold. There were subsequent motions filed in 2016 by both Elvis and by Joshua's estate that were considered by the trial court. Elvis asked at least two more times to be permitted to amend the pleadings to conform to the undisputed proof on the running of the statute of limitations with regard to the sale of the scrap metal, which proof had been provided by Joshua's estate. The real estate was not sold until January 2017, and even after that, Joshua's estate filed a petition for attorney's fees and to quash the sale of the real property. This matter was not concluded until the final order entered in May 2017, which is now on appeal. In that order, the trial court again rejected Elvis's request to amend the pleadings to conform to the proof, stating that it would unfairly prejudice Joshua's estate.
Pursuant to Arkansas Rule of Civil Procedure 15(b) :
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment [.] (Emphasis added.)
The Reporter's Notes to Rule 15 state that Arkansas's rule "goes somewhat further" than its federal counterpart "by more or less making it mandatory that pleadings be amended to conform to the proof where there has been no objection to such proof." The Reporter's Notes state that under prior Arkansas law, amendments were not permitted to add a different defense when the opposing side objected, but the revision to Rule 15(b)"does liberalize somewhat prior Arkansas law."
Pursuant to Arkansas Rule of Civil Procedure 8(c), affirmative defenses such as the statute of limitations must be specifically pled to be considered by the circuit court, and a failure to plead an affirmative defense can result in a waiver and exclusion of the defense from the case. See Felton v. Rebsamen Med. Ctr., Inc. , 373 Ark. 472, 284 S.W.3d 486 (2008) ; State Office of Child Support Enf't v. Morgan , 364 Ark. 358, 219 S.W.3d 175 (2005). However, as our supreme court footnoted in Arkansas Lottery Commission v. Alpha Marketing , 2013 Ark. 232, at 25 n.1, 428 S.W.3d 415, 430 n.1, affirmative defenses listed in Rule 8(c) but not listed in Rule 12(h)(1)[2] may be raised in an amended answer under Rule 15(a). See Seth v. St. Edward Mercy Med. Ctr. , 375 Ark. 413, 419-20, 291 S.W.3d 179, 184 (2009) (holding that waiver of the defense of charitable immunity did not result from failure to plead it in the original answer).
*208 Returning to my primary point, Arkansas law explicitly permits amendments to pleadings to be made "even after judgment." Our court has approved of a trial court's grant of a request to amend pleadings to conform to the proof, even when the motion had been made after the party has rested. In Cross v. Cross , 2016 Ark. App. 327, at 7-8, 497 S.W.3d 712, 717-18, we held that the appellants were not prejudiced by the timing of the motion to amend because Rule 15(b)'s "plain language" permits amendments "at any time, including after judgment" and there was nothing to suggest how appellants would have tried the case differently. See also Hope v. Hope , 333 Ark. 324, 969 S.W.2d 633 (1998) ; Union Pac. R.R. Co. v. SEECO, Inc. , 2016 Ark. App. 466, 504 S.W.3d 614 ; Barnett v. Gomance , 2010 Ark. App. 109, at 6, 377 S.W.3d 317, 322 (holding that Rule 15(b)"is liberal in its allowance of amendments to conform pleadings to proof and even contemplates an amendment after judgment"). A party should be allowed to amend absent prejudice; an important consideration in determining prejudice is whether the party opposing the motion will have fair opportunity to defend after the amendment. Honeycutt v. Honeycutt , 2017 Ark. App. 113, 516 S.W.3d 750. "Where neither a continuance was requested nor a demonstration of any prejudice resulting from an amendment was shown, the amendment should be allowed." Hickman v. Kralicek Realty & Constr. Co. , 84 Ark. App. 61, 66, 129 S.W.3d 317, 321 (2003), (citing Turner v. Stewart , 330 Ark. 134, 139, 952 S.W.2d 156, 159 (1997) ); see also Gregory v. Gregory , 2013 Ark. App. 57, 425 S.W.3d 845 ; Cavalry SPV, LLC v. Anderson , 99 Ark. App. 309, 260 S.W.3d 331 (2007).
There is nothing to suggest how Joshua's estate would have tried this matter differently had it known of Elvis's statute-of-limitations defense before the bench trial. Joshua's estate was given more than one opportunity, long before a final, appealable order was entered, to present a cogent argument against permitting Elvis to amend the pleadings to conform to the proof. Its only response was that this affirmative defense should have been asserted in Elvis's answer. There was no objection to, or any dispute about, when the scrap metal was sold and the proceeds received. There could be no dispute about the date that the estate's cause of action was filed. Joshua himself had the right to initiate this lawsuit from and after the time it accrued. Elvis had repeatedly requested permission to amend long before entry of the final judgment on appeal. In these circumstances, and in light of Arkansas law on this topic, I can only conclude that the trial court abused its discretion.
For the foregoing reasons, I dissent.
Murphy, J., Joins.

The majority claims that this case "turned on when Joshua should have been determined to be dead as that date would determine, as the arguments went, who owned the scrap, and therefore, who owned the proceeds." I disagree. Until Joshua was officially declared dead, he was deemed under the law to be a viable living person entitled to bring suit on his own behalf to recover the scrap metal or the proceeds it generated. The majority opinion cites no law to support the proposition that the statute of limitations on a claim for an accounting, or for conversion, regarding personal property belonging to a presumed-living person is tolled until a subsequently entered court order declares the person dead.

The defenses listed in Rule 12(h)(1) are lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, or pendency of another action between the same parties arising out of the same occurrence.